**UNITED STATES of America,**
**Appellee,**

**v.**

**Kassiem MILEY, aka Roger Boster,**
**Defendant–Appellant.**

**No. 06–1105–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 13, 2007.

Robert L. Capers, Assistant United States, Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Jo Ann M. Navickas, Assistant United States Attorney, on the brief), Brooklyn, N.Y., for Appellee.

Marjorie M. Smith, Piermont, N.Y., for Defendant–Appellant.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges, Hon. CHARLES S. HAIGHT, JR., District Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Kassiem Miley appeals from a final judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*) sentencing Miley principally to a term of imprisonment of 48 months following his conviction, upon a plea of guilty, to bank fraud, in violation of 18 U.S.C. § 1344. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Miley challenges his sentence, which was above the applicable 24–30 month range calculated under the U.S. Sentencing Guidelines, as substantively unreasonable. In reviewing challenged sentences for reasonableness, we do not substitute our judgment for that of the sentencing judge; rather, our review is akin to that for an excess of allowable discretion. *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). Therefore, we consider whether the sentencing

1. Honorable Charles S. Haight, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

judge "exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005) (internal citations omitted). Substantive reasonableness depends on whether the "length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *United States v. Rattoballi,* 452 F.3d 127, 132 (2d Cir.2006).

Miley argues that his 48–month sentence—which, he points out, was "more than 50% above the maximum guideline recommended sentence of 30 months"—was unreasonable because (1) his criminal history was already incorporated into the recommended guideline range; and (2) the District Court improperly considered its own "personal views" of Miley's misconduct in choosing to sentence him above the guidelines range.[2] Both of these arguments are without merit.

■ First, Miley's criminal history category of IV was based solely on four prior convictions between 1991 and 2004. As the District Court noted, however, in addition to those convictions, there was a "whole list of pending charges," "arrests," and "outstanding warrants" against Miley, most of which involved types of alleged fraud. It was this pattern of conduct— which was not fully incorporated into Miley's criminal history category—that led the probation office to recommend that Miley receive a sentence of 60 months. It was entirely proper for the District Court, in choosing a sentence of 48 months, to consider that the "pattern and consistency" of Miley's conduct, "just one event after another throughout his adult life," warranted a sentence above the applicable guidelines range.

■ Second, the District Court did not err in considering that the specific type of fraud to which Miley pled guilty—which involved using a false identity in an attempt to sell his victim's house—was particularly "brazen" and "a little bit different than what we might normally expect to see for . . . convictions based upon violations of 18 U.S.C. § 1344." Under 18 U.S.C. § 3553(a), the District Court is required to consider, *inter alia,* "the nature and circumstances of the offense," and whether the sentence imposed "reflect[s] the seriousness of the offense." 18 U.S.C. § 3553(a). It was entirely proper for the District Court, in evaluating these factors, to note that the fraud committed by Miley was "unusual" and "troubl[ing]."

For these reasons, the judgment of the District Court is AFFIRMED.

2. At oral argument, counsel for Miley properly withdrew its argument that the District Court failed to include an explanation for the above-guidelines sentence in the Court's written judgment of conviction; indeed, the judgment expressly noted that Miley received a non-guidelines sentence because his "CRIMI- NAL HISTORY DID NOT ACCURATELY REPRESENT THE REPETITIVE PATTERN OF [his] FRAUD SCHEMES," which is fully sufficient in this case to comply with 18 U.S.C. § 3553(c)(2). *See Rattoballi,* 452 F.3d at 138.